HIGGINS, Justice.
 

 Relatrix applied to the criminal district court for the parish of Orleans for a writ of habeas corpus, in order to compel the defendant, the Convent of the Good Shepherd, to return to her custody her foster daughter, Willie Lee Benson, age eleven years. In the application she alleges that the child was intrusted to her care and possession by the Louisiana Children’s Home Society (Jennings Orphanage), Jennings, La., during September, 1931; that it was her intention to later adopt the child; that she is a person of proper means and .has attended the child as her own, providing for her wants and education ; that on February 9, 1935, at 11 o'clock p. m., a police officer of the city of New Orleans called at her home, No. 1425 Bordeaux street, this city, and forcibly removed the-child without any warrant, commitment, or legal authority whatsoever, and placed her in the Convent of the Good Shepherd, where the child is being illegally incarcerated and deprived of her liberty. She prayed that a writ of habeas corpus be issued, directing and; commanding the Mother Superior of the Convent of the Good Shepherd to produce the child in open court and surrender her to the custody of relatrix, or show by what legal authority the child is being detained.
 

 The trial judge, on February 27, 1935, ordered a writ of habeas corpus to issue, returnable March 1, 1935.
 

 On the morning of February 28, 1935, the district judge, upon the written request of the Mother Superior that the child be removed from the Convent, ordered that the child be returned to relatrix and the writ of habeas corpus be made absolute.
 

 In the afternoon of February 28, 1935, and before the order which had been signed that morning was carried out, .the trial judge ex proprio motu rescinded and set aside the earlier order on the ground that his court was without jurisdiction, because the child was subject to the jurisdiction of Judge Porter at Jennings, La.
 

 In an informal hearing in chambers, on-March 1, 1935, of which no record was made, the trial judge reaffirmed his ruling that his court was without jurisdiction and recalled and vacated the writ of habeas corpus.
 

 
 *762
 
 'On March 4, relatrix made application to this court for a writ of certiorari, which was granted and made returnable on March 13, 1935.
 

 The respondent judge annexed to his return the petition, affidavit, and order for the Writ ■of habeas corpus, the writ of habeas! corpus ■and the two orders dated February 28, 1935, and an affidavit dated February 9, 1935, by Thomas Graham, filed in the juvenile court in the city of New Orleans, charging, the child with being ungovernable and uncontrollable, -on information received. The learned trial judge states in his return that, after ordering the release of the child to the care of her-foster mother, he was informed by the assistant district attorney that the child had been placed in the custody of the Convent of the Good Shepherd, under an order by Hon. Thomas F. Porter, district judge, and juvenile judge of the parish of Beauregard, and rescinded his previous order which authorized the release of .the child; that on March 1, 1935, the assistant district attorney and counsel for relatrix repaired to the chambers of the trial judge, when it was reported that the ■child had been taken into custody by the officers of the juvenile court as a delinquent child; that the child had been taken by these officers to Jennings, Da., and, in an informal hearing before Judge Thomas F. Porter, the officers of the juvenile court for the parish of Orleans were directed to place her in the Convent of the Good Shepherd; and that he thereupon set aside the writ, because his court was without jurisdiction, as the child was subject to the orders of Hon. Thomas F. Porter, juvenile judge at Jennings, Da.
 

 Annexed to the supplemental return of the respondent judge is a certified copy of an order by Judge Porter dated ■ February 19, 1935, directing that the child be placed in the temporary care of the Convent of the Good Shepherd.
 

 The Mother Superior of the Convent, in her answer filed in this court, states that the child was left in her institution without any order, warrant, or commitment by any judicial authority, and that the child is normal and is anxious to return to the home of her foster mother, and in her opinion that is the proper place for the child.
 

 Counsel for relatrix contends that the criminal district court for the parish of Orleans has jurisdiction of this1 matter and that the document annexed to the supplemental return of respondent judge is not properly before us,' since it was not introduced in evidence in the trial court.
 

 The argument that the criminal district court for the parish of Orleans has jurisdiction in this case is predicated upon section 2, article 7 of the Constitution of 1921, the relevant part of which reads as follows:
 

 “Section 2. The Supreme Court, the Courts of Appeal, and each of the judges thereof, subject to review by the court of which he is a member, and each district judge throughout the State including judges of the Civil and Criminal District Courts in the Parish of Orleans, may issue writs of habeas corpus, in behalf of any person in actual custody in eases within their respective jurisdictions. $ # sie
 

 The third paragraph of section 83 of article 7 of the Constitution of 1921 provides:
 

 “The said Criminal District Court shall have general and supervisory jurisdiction over the Recorders’ Courts of the City of New
 
 *764
 
 Orleans, and shall have authority to issue writs of habeas corpus in criminal eases, and such other writs and orders as may be necessary in aid of the jurisdiction of said court.”
 

 The case is not a criminal one.
 

 Under the express provisions of section 83 of article 7 of the Constitution, above quoted, the authority of the criminal district court to issue writs of habeas corpus is confined to criminal cases. The charge of being a delinquent child is a matter which belongs to the exclusive jurisdiction of the juvenile court. Section 96 of article 7 of the Constitution of 1921.
 

 It is our opinion that the trial court was without jurisdiction to issue the writ of habeas corpus.
 

 As to whether or not the child is being illegally detained we express no opinion. That issue should be presented in a proper proceeding in a court of competent jurisdiction without delay.
 

 Por the reasons assigned, the rule nisi is discharged, the stay order and the remedial writ are recalled, and the application of relatrix is dismissed.